NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2011
Decided September 2, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2945

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | 04 CR 464-9 |
| JAMES STEWART, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

James Stewart distributed large amounts of cocaine, heroin, and other controlled substances as a high-ranking member of the Black Disciples street gang. He pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1), and one count of using a communication device to facilitate a violation of federal drug laws, *see id*. § 843(b). Stewart initially was sentenced to 292 months' imprisonment; he appealed and argued that the district court had refused to consider his contention that the different base offense levels for like amounts of crack and powder cocaine was a mitigating factor that warranted a lower sentence. While that appeal was pending, the Supreme Court decided *Kimbrough v. United States*, 552 U.S. 85 (2007), which holds that a sentencing judge may conclude, even in a "mine-run case," that a term of

imprisonment falling within the range calculated using the base offense levels in U.S.S.G. § 2D1.1 would be too high. We remanded for resentencing in light of *Kimbrough*, *see United States v. White*, 582 F.3d 787, 793 (7th Cir. 2009), and after recalculating the guidelines range to take into account a postsentencing, retroactive amendment, *see* U.S.S.G. Supp. App. C, 226-31 (2007) ("Amendment 706"), the district court sentenced Stewart within the revised range to 239 months. Stewart filed a notice of appeal, but his appointed lawyer, unable to identify an arguable issue to pursue, moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Stewart has not accepted our invitation to respond to counsel's facially adequate submission. *See* CIR. R. 51(b).

Counsel correctly observes that this appeal is limited in scope. Arguments that were made or could have been made in the last appeal cannot be raised here. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002), *United States v. Sumner*, 325 F.3d 884, 891-92 (7th Cir. 2003). Counsel finds no fault with the district court's application of the retroactive amendment to the sentencing guidelines, or to the court's determination that this amendment reduced Stewart's offense level by two levels and lowered his imprisonment range to 235 to 293 months. The only potential arguments, then, concern the procedural and substantive reasonableness of the sentence imposed.

Counsel has considered those points but concludes that a reasonableness argument would be frivolous. We agree. At resentencing the district court did as we directed and, after hearing from counsel and Stewart, expressly considered Stewart's assertion that a below-range sentence was appropriate due to the different sentencing ranges for crimes involving like amounts of powder and crack cocaine. The district court was not persuaded by that contention (or by Stewart's other arguments in mitigation) and instead imposed a sentence within the applicable range, and appellate counsel is unable to identify any reason to disregard the presumption of reasonableness applicable to that within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.